# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| VINCENT W. PEMPEIT, III | * | CIVIL ACTION NO. 05-760 |
| VERSUS | * | JUDGE MELANÇON |
| COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION ON AFFIDAVIT FOR ATTORNEY'S FEES

Pending before the undersigned for report and recommendation is the Motion/Affidavit for Attorney Fees and Costs filed by social security claimant, Vincent W. Pempeit, III ("Pempeit"), on April 21, 2006. (rec. doc. 17). On May 16, 2006, the Commissioner of Social Security filed a response, in which she requested that the award of attorney's fees be deferred until the amount of plaintiff's past-due benefits was known. (rec. doc. 20). By Order dated June 19, 2006, motion for attorney's fees was deferred until the amount of past-due benefits had been established. (rec. doc. 22).

On December 20, 2006, Pempeit filed a motion to reurge the motion for fees in light of the Social Security Administration's Notice of Award dated July 13, 2006, advising that a calculation of past due benefits had been made. (rec. doc. 23). The Notice of Award indicated that Pempeit was entitled to a first payment of $51,363.75,

and that $15, 742.75 had been withheld for the payment of attorney's fees. (rec. doc. 23, Exhibit B). The Commissioner has indicated that she has no opposition to the motion for fees.

BACKGROUND

On January 28, 2002, Pempeit filed applications for disability insurance benefits and supplemental security income. After a denial decision issued by an Administrative Law Judge, claimant filed a request for review. By Order dated April 7, 2004, the Appeals Council remanded this case for further evaluation.

After a supplemental hearing on September 9, 2004, the ALJ issued a decision denying claimant's applications. Following denial of review by the Appeals Council, claimant sought judicial review with this Court on May 4, 2005.

On February 10, 2006, the undersigned issued a Report and Recommendation recommending that the Commissioner's decision be reversed, and that claimant be awarded benefits. (rec. doc. 12). On March 3, 2006, the Court entered a Judgment adopting the recommendation awarding benefits. (rec. doc. 13).

On March 9, 2006, plaintiff filed a motion requesting a report and recommendation as to attorney's fees and expenses. (rec. doc. 14).[1] By Order dated

---

[1] In *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006), the Fifth Circuit determined that applications for attorneys fees under 42 U.S.C. § 406(b) are subject to the 14-day filing period prescribed by Fed.R.Civ.Proc. 54(d)(2). Thus, this application was timely filed.

March 14, 2006, the motion was granted. (rec. doc. 15). On April 5, 2006, the undersigned issued an Order requiring plaintiff to submit an affidavit of fees and costs. (rec. doc. 16). On April 21, 2006, Pempeit filed an affidavit for attorney's fees and costs. (rec. doc. 17).

GUIDELINES FOR ATTORNEYS' FEES AND EXPENSES CALCULATION

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§ 406(a), (b)(1). An attorney seeking an award of fees for representation in court in a Social Security case may recover in two ways: (1) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, or (2) under 42 U.S.C. § 406(b). *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991); *Brannen v. Barnhart*, 2004 WL 1737443, *14 (E.D. Tex. July 22, 2004); *Hayes v. Callahan*, 973 F.Supp. 1290, 1292 (D. Kan. 1997).[2] The award under § 406(b) of the Social Security Act allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray

---

[2]Section 406(a) governs fees for representation in administrative proceedings. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 1821 (2002).

the cost of legal services. *Russell*, 930 F.2d at 1446. Fee awards may be made under both statutes, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. at 1822.

Curtis has designated § 406(b) as the provision under which he seeks fees. (rec. doc. 14). Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered; such fees may not exceed 25 percent of past-due benefits. *Gisbrecht*, 535 U.S. at 790, 122 S.Ct. at 1820. Curtis claims fees in the amount of $2,406.25 and expenses of $582.33.

Section 406(a) governs fees for representation in administrative proceedings, while § 406(b) controls fees for representation in court. (emphasis added). *Gisbrecht*, 535 U.S. at 1821, 122 S.Ct. at 794. Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness fees yielded by those agreements. *Id.*, 535 U.S. at 1829, 122 S.Ct. at 809. As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, the court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases. 535 U.S. at 1828, 122 S.Ct. at 808.

The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases.[3] *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Id*. at 192; *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. *Brown*, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. *Id*. This process is guided by the twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Mid-Continent Casualty Company v. Chevron Pipe Line Company*, 205 F.3d 222, 232 (5th Cir. 2000). The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

---

[3]The lodestar is still recognized as the method of calculating attorney's fees under EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817, 1825 (2002).

employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

ISSUES AND ANALYSIS

The focus now turns to the facts and issues presented in the pending application. Pempeit's counsel seeks a total of $2,406.25 in attorney's fees, said sum representing 19.25 hours at the rate of $125.00 per hour for attorney's fees. In support of this request, Pempeit's counsel, Curtis, submitted a petition describing the services performed on behalf of his client and the time billed in connection with each

task in minimal increments of .25 per hour.

<u>REASONABLE HOURS EXPENDED</u>

Claimant's motion seeks recovery of 19.25 hours at the rate of $125.00 per hour for attorney's fees. Because the Commissioner has not opposed the reasonableness of the hours charged, or the facts asserted in the affidavit, she waived any right to challenge the reasonableness of the number of hours billed. See *Blum v. Stenson*, 465 U.S. 886, 892, n. 5, 104 S.Ct. 1541, 1545, 79 L.Ed.2d 891 (1984). In any event, Curtis' counsel submitted detailed time records describing each service performed and the time billed in connection with each service. A review of these entries indicates that the amount of time submitted for each task was reasonable. Accordingly, the undersigned finds that hours claimed in Curtis' application should be awarded.

As to the hourly rate, Pempeit's counsel requested a fee of $125.00 per hour for attorney's fees. The undersigned notes that counsel presented valid arguments which resulted in the matter being reversed and the claimant being awarded benefits. Given counsel's extensive experience in social security disability law, the results obtained in this case, and the fee customarily awarded by this Court, the undersigned finds that $125.00 per hour is an appropriate hourly fee. *See Vallere v. Commissioner of Social Security*, Docket No. 05-1568 (June 29, 2006) *Bowser v. Commissioner of*

*Social Security*, Docket No. 05-421 (June 20, 2006); *Francis v. Commissioner of Social Security*, Docket No. 04-2277 (June 19, 2006).

The next step requires that the court analyze the twelve *Johnson* factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the questions: the identical issues in this case have been previously addressed by this court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 19.25 hours by the attorney over a three-month period precludes such a finding. (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area is generally $125.00 per hour absent evidence that a higher rate is warranted. Given the results obtained in this case, the rate of $125.00 per hour is appropriate in this case. (6) Fixed or contingent fee: this case was billed on a contingency fee basis. However, this factor does not justify

adjustment.[4]  (7) Time limitations: no evidence was adduced on this point.[5]  (8) The

time involved and the results obtained: this matter was resolved 10 months after the

complaint was filed; however, as the Supreme Court has greatly limited the use of this

factor, and no specific evidence has been introduced in support, the lodestar requires

no adjustment.  *Walker*, 99 F.3d at 771.  (9) The experience, reputation and ability of

counsel: counsel enjoys the reputation of providing competent representation; the

lodestar, however, adequately compensates for this factor.  (10) The undesirability of

the case: no evidence was adduced on this point.  (11) The nature and length of the

professional relationship with the client: no evidence was adduced on this point.  (12)

Awards in similar cases: Counsel has cited other social security cases in which he was

awarded $125.00 per hour.  (rec. doc. 21, p. 8).

The lodestar is presumptively reasonable and should be modified only in

exceptional cases.  *City of Burlington*, 112 S.Ct. at 2641.  This is not such a case; the

lodestar requires no adjustment.

---

[4]In *Walker*, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any
use of the sixth factor.  See, *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638,
2643, 120 L.Ed.2d 449 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert.
denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended.  *Walker*, 99
F.3d at 772.

## EXPENSES

Plaintiff seeks expenses of $582.33 for expenses, which include court filing fees, courier charges, postage charges, copy charges, legal and medical research, and long distance telephone charges. No recovery is allowed for time spent by attorneys or paralegals delivering documents for filing. *American Petroleum Institute v. U.S. E.P.A.*, 72 F.3d 907 (D.C. Cir. 1996); *Ruiz v. Estelle*, 553 F.Supp. 567 (S.D. Tex 1982). Accordingly, these fees in the amount of $85.68 should be disallowed.

Thus, the undersigned recommends that expenses in the amount of $496.65 should be awarded.

## CONCLUSION

Accordingly, it is recommended that the sum of $2,406.25 in attorney's fees, and $496.65 in expenses, for a total of $2,902.90, is awarded to Lawrence N. Curtis as a § 406(b) fee.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 22nd day of January, 2007, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE